UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION


BELTRAMO ENTERPRISES II, INC.,        )
                                      )
          Plaintiff,                  )
                                      )
     vs.                              )          Case No.   2:04CV00065 AGF
                                      )
UNITED FIRE & CASUALTY                )
INSURANCE COMPANY,                    )
                                      )
          Defendant.                  )

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to compel answers to its supplemental interrogatories.[1] Plaintiff in this diversity action seeks to recover money allegedly owed by Defendant under an insurance policy issued by Defendant covering property owned by Plaintiff. Plaintiff filed a claim under the policy for damage to its roof resulting from a windstorm. The parties disagreed on the amount owed by Defendant -- Plaintiff requested $180,000 for replacement of the roof, while Defendant offered $20,000 to repair the roof. The parties invoked the appraisal clause of the policy to determine the amount of damages resulting from the windstorm. Under the policy, each side was to select a "competent and impartial" appraiser, who in turn were to select an umpire. If the two appraisers failed to agree on the amount of damages, the umpire was to reach a conclusion on the matter and a decision agreed to by any two out of the three would be binding.

---

[1]   The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Plaintiff selected Dan Wilt as its appraiser. Mr. Wilt determined that Plaintiff's damages were $180,000. Defendant's appraiser decided Plaintiff's damages were $20,000. The matter was submitted to the umpire, who agreed with Mr. Wilt. After Defendant did not honor Plaintiff's demand for $180,000, Plaintiff filed this action. It was decided that discovery would proceed in stages. Phase I discovery was limited to information relevant to the issue of whether the appraisal of the loss is binding on the parties, and was to be completed by February 11, 2005. Plaintiff's motion for summary judgment on this issue was due by March 11, 2005. No trial date was set.

On February 11, 2005, Defendant served supplemental interrogatories and request for production of documents seeking information regarding the recent sale of Plaintiff's property in question, including the names and contact information of the real estate agent(s) involved in the sale. Plaintiff objected to each interrogatory and request on the ground that they sought confidential and irrelevant information. Thereafter, on March 17, 2005, Plaintiff filed a motion for summary judgment, with leave of Court, on the issue of the appraisal's binding force.

The motion now before the Court was filed on April 18, 2005. Defendant seeks to compel answers to its supplemental discovery. Defendant asserts that upon information and belief, Mr. Wilt was the real estate agent who facilitated and conducted Plaintiff's sale of the property in question. Defendant argues that information as to the role Mr. Wilt played in the sale of Plaintiff's property is relevant to determining whether he was an impartial appraiser, which it asserts is a matter directly relevant to whether the appraisal is binding. In opposition to the motion to compel, Plaintiff argues that in discussions between counsel on Defendant's supplemental discovery, no mention was made that Mr. Wilt might have been biased, and that the first time this matter was raised

was in the motion to compel. Plaintiff argues that the matter of Mr. Wilt's credentials has been waived because it was not raised at the time of his designation as an appraiser. On April 29, 2005, Plaintiff filed a response to Plaintiff's motion for summary judgment.

The Court believes that the information relevant to whether Mr. Wilt was an impartial appraiser is discoverable. Although Defendant's supplemental discovery request came late, the Court does not perceive any undo prejudice to Plaintiff by this delay. The question of whether Defendant waived any argument that Mr. Wilt was not impartial can be raised by Plaintiff later in the proceedings. To the extent that the discovery material is confidential, Plaintiff may seek a protective order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel is **GRANTED**. [Doc. #22]

**IT IS FURTHER ORDERED** that on or before July 25, 2005, Plaintiff shall fully and fairly answer Plaintiff's supplemental discovery.

**IT IS FURTHER ORDERED** that the parties shall have up to and including August 8, 2005, to file supplemental briefs for and/or against summary judgment on the issue of whether the appraisal is binding. Responses and replies to any supplemental briefing shall be due as provided by the Federal Rules of Civil Procedure and this Court's Local Rules.

Dated this 11th day of July, 2005.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE